IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a One Travelers Property and Casualty Companies, and
THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,

Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Compel Depositions** [Docket No. 30; filed March 27, 2008] (the "Motion to Compel"). The Court has reviewed the Motion, Defendants' Response [Docket No. 37; filed March 31, 2008], Plaintiff's Reply [Docket No. 38; filed April 1, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

Plaintiff requests that this Court compel Defendants to provide deposition dates for Fed. R. Civ. P. 30(b)(6) representatives and adjusters in an expedited manner to allow Plaintiff to meet the expert disclosure deadline, currently set for May 15, 2008, and the discovery deadline, currently set for July 15, 2008. In the alternative, Plaintiff requests that

1

the expert disclosure and discovery deadlines be extended. As grounds, Plaintiff contends that Defendants have delayed in providing dates for the requested depositions.

In response, Defendants argue that Plaintiff failed to confer prior to filing his Motion to Compel and, in addition, that Defendants believed that the depositions at issue were going to occur during the week of April 21-25, 2008. *Response* [#37], pgs. 1-2. Defendants contend that they "are working with Plaintiff's counsel to set depositions and [have] offered dates." *Id.* at p. 3.

Plaintiff submitted his Notice of Deposition of Defendant Pursuant to Fed. R. Civ. P. 30(b)(6) to Defendants on February 15, 2008. *Response* [#37], Ex. A. It appears that through a series of emails beginning March 3, 2008, opposing counsel corresponded regarding possible dates for the requested depositions. *Id.* at Ex. B, C, D, E. By email dated March 24, 2008, Defendants' counsel informed Plaintiff that he was available for depositions during the weeks of April 14-18, 2008 and April 21-25, 2008. *Id.* at Ex. E. By email dated March 25, 2008, Plaintiff's counsel stated that he was also available April 21-25, 2008. *Id.* The only subsequent communication provided to the Court is a letter dated March 27, 2008, wherein Plaintiff informs Defendants that he would be filing a Motion to Compel Depositions. *Id.* at Ex. F.

It is quite apparent to the Court that at some point, communications between Plaintiff and Defendants broke down. Indeed, Plaintiff and Defendants disagree on whether Plaintiff has satisfied his obligation to confer with opposing counsel prior to filing motions pursuant to D.C.Colo.LCivR. 7.1A. The Court takes the duty to confer imposed

2

by D.C.Colo.L.Civ.R. 7.1 very seriously.  Further, Rule 7.1A requires "meaningful negotiations" by the parties.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D.Colo. 2003).  While it is clear that the parties have made some preliminary attempts at resolving their issues surrounding these depositions, it is not the slightest bit clear that "meaningful negotiations" have taken place.  As the week of April 21-25, 2008 has been proposed for depositions and apparently agreed upon, the Court finds it ridiculous that it has been asked to intervene at all, beyond the parties requesting a potential extension of certain deadlines set in the Scheduling Order.  The parties are warned that Rule 7.1A requires their negotiations to progress further than those that have been presented to the Court in the instant motion and that a failure to comply with Rule 7.1A in the future will result in summary denial of any motion.

Accordingly, IT IS HEREBY **ORDERED** that the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.  To the extend that Plaintiff seeks an award of attorneys' fees and an Order requiring Defendant to cooperate with regard to the setting of depositions, this request is **DENIED**.  To the extent that Plaintiff seeks an extension of deadlines, this request is **GRANTED**.  The Scheduling Order will be modified as follows: the deadline to designate experts shall be extended to **June 15, 2008**; the deadline to designate rebuttal experts shall be extended **July 16, 2008**; the discovery deadline shall be extended to **August 15, 2008**.  All other deadlines will remain the same.

BY THE COURT:

s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: April 3, 2008