IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a One Travelers Property and Casualty Companies, and
THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,

    Defendants.

## ORDER DENYING MOTION RE REQUESTS FOR ADMISSIONS

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's First Motion Re Requests for Admissions: To Determine Sufficiency of Answers and Rule and Rule [sic] on Objections** [Docket No. 34; filed March 31, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 42; filed April 21, 2008], the entire case file, and the applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

**I.    Failure to Confer**

As a preliminary matter, counsel disagree on whether Plaintiff satisfied the duty to confer pursuant to D.C. Colo. L. Civ. R. 7.1(A). Plaintiff's certification asserts that counsel made reasonable, good-faith efforts to resolve Defendant's objections to the Requests for Admission ("RFA") before filing the Motion with the Court. *Motion* [#34], pgs. 1-2. Pursuant to Local Rule 7.1(A), the Court will not consider a nondispositive

motion unless the movant, prior to filing, has conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the dispute.  To confer means to "discuss, talk over, consult about," or "to hold conference."  *See Oxford English Dictionary* (2d ed. 1989).  Accordingly, the language of Local Rule 7.1(A) suggests that parties confer by "hold[ing] a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and [by] compar[ing] views and attempt[ing] to reach an agreement, including by compromise if appropriate."  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003).  If both parties have not discussed and compared views in an attempt to reach an agreement, the movant must at least make reasonable, good-faith efforts to do so.  The Court judges the reasonableness of movant's good-faith efforts by considering not only the sheer quantity of contacts, but also their quality.  *Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) (holding that four phone calls and two letters did not satisfy the duty to make a reasonable, good-faith effort to confer).

On March 24, 2008, Plaintiff's counsel mailed Defendant a single letter that requested that Defendant reconsider its objections to the RFAs.  *Motion* [#34], Ex. 1.  This letter did not threaten filing the Motion if Defendant failed to respond immediately.  *See id.*  Plaintiff offers no evidence of Defendant's response to this letter, if any.  Only seven days later, on March 31, 2008, Plaintiff filed the Motion.  This is insufficient evidence of a good-faith attempt to confer pursuant to Local Rule 7.1(A).  The Court notes that it would be permissible to deny the Motion on the basis of Plaintiff's failure to confer pursuant to Local Rule 7.1(A).  However, the Court declines to deny the Motion

on that basis and will decide it on the merits.  Counsel are warned that a failure to confer in the future will result in summary denial of any motion.

## II.     Requests for Admission

Pursuant to Fed. R. Civ. P. 36, Plaintiff's Motion requests that the Court determine the sufficiency of Defendant's objections to the RFAs.  Pursuant to Rule 36(a)(1)(A), "[a] party may serve upon any other party a written request to admit . . .  the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either; . . . ."  The responding party may specifically admit, deny, or qualify an answer.  Fed. R. Civ. P. 36(4).  Absent court permission to withdraw or amend, admissions are binding on a party in the pending action.  Fed. R. Civ. P. 36(b).  Furthermore, Rule 36 allows parties to object to a request for admission so long as the grounds for objection are stated.  Fed. R. Civ. P. 36(5).  If an objection is justified, the party is not required to admit or deny the truth of the matter.  *See* Fed. R. Civ. P. 36(6).

The purpose of Rule 36 is to reduce trial time by facilitating proof with respect to issues that cannot be eliminated from the case and by narrowing the issues that must be proved at trial.  *See* Fed. R. Civ. P. 36 Advisory Committee's note.  Essentially, requests for admission "expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial." *Keen v. Detroit Diesel Allison,* 569 F.2d 547, 554 (10th Cir. 1978).  Because requests for admission establish the truth of the matter, they "are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case."  *Cal. v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955); *see*

3

*also Safeco Ins. Co. of Am. v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal. 1998) (quoting 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252 at 524-525 (2d ed. 1994) *(*Rule 36 "presupposes that the party proceeding under it knows the facts.")).

As a general rule, parties should use requests for admission to elicit simple and direct answers. *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992). "Compound, complex, and vague [requests for admission] are prone to . . . objection." William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice*, 5-6 (2d ed. 1994). For example, requests for admission that are overly broad or vague as to time or scope are properly objectionable. *FTC v. Think All Publ'g L.L.C.*, 2008 WL 687454, *4 (E.D. Tex. March 11, 2008) (unpublished decision). In addition, requests for admission relating to the truth of a legal conclusion are properly objectionable, even though Rule 36 permits the application of law to fact. *Utley v. Wray*, 2007 WL 2703094, *3 (D. Kan. September 14, 2007) (citing *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006)). Specifically, "requests for admissions of law which are related to the facts of the case are considered to be inappropriate." *Lakehead Pipe Line Co. V. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997).

In the case at bar, Plaintiff requests that the Court determine the sufficiency of Defendant's answers to RFA Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16. *Motion* [#34], pgs. 2, 7-19. Plaintiff argues that Defendant's objections to these RFAs are unsubstantiated and baseless. *Id.* at 1. Defendant asserts that the RFAs are either vague and ambiguous or seek legal conclusions. *Response* [#42], Ex. B at 1-6. The

4

Court addresses the sufficiency of Defendant's objections based upon these two groupings.

### A. Vague and Ambiguous

Defendant objects to Plaintiff's RFA No. 2 as vague and ambiguous. *Response* [#42], Ex. B at 2. The Court finds that this objection is meritorious.

In RFA 2, Plaintiff requests that Defendant admit that part of a claim handler's or examiner's job is to assist the policyholder with the claim. Like RFA 1, this question is also overly broad and vague in scope. Although employees of an insurance company may interact with customers, and thereby "assist" them, it is unclear whether "assist" in this context refers to merely interacting with a customer in a professional manner or to other activities. In addition, it is unclear whether this question refers to a general policy, or to the facts of this particular action, or to a purported legal duty. Therefore, due to its complexity and breadth, RFA 2 does not lend itself to admission or denial pursuant to Rule 36. Accordingly, the Court finds that Defendant's objection to RFA 2 is justified.

### B. Legal Conclusions

Defendant also objects to Plaintiff's RFA Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 as seeking admission of legal conclusions. *Response* [#42], Ex. B at 2-6. For the reasons below, the Court finds that these objections are meritorious.

RFA Nos. 3, 4, 5, 6, 7, 8, 9, and 10 each request an admission regarding Defendant's and other insurance companies' legal duties and obligations. *Response* [#42], Ex. B at 2-5. For example, the RFAs seek admissions regarding Defendant's and

all other insurance companies' legal obligations and duties relating to reasonable standards for investigation and evaluation (RFA No. 3), reasonably investigating claims (RFA No. 4), objectively and fairly evaluating claims (RFA No. 5), reasonably paying claims (RFA No. 6), criteria for paying claims (RFA No. 7), promptly providing reasonable explanation of denying claims (RFA No. 8), promptly sending reservations of rights notices (RFA No. 9), and timely advising claimant (RFA No. 10). Because the interpretation and construction of an insurance policy is a question of law, the legal obligations and duties which arise out of an insurance policy are also questions of law. *I.D.G., Inc. v. St. Paul Fire & Marine Ins. Co.,* 203 F.3d 835, *3 (10th Cir. Feb. 7, 2000) (unpublished decision). Although Rule 36 allows a request for admission regarding the application of law to fact, it does not permit requests for admissions related to legal conclusions that are not applied to any particular facts of a case. The Court finds that RFA Nos. 3, 4, 5, 6, 7, 8, 9, and 10 request that Defendant admit pure legal conclusions because the questions are not contextualized by any particular facts of this action. Accordingly, the Court finds that Defendant's objections to RFA Nos. 3, 4, 5, 6, 7, 8, 9, and 10 are justified.

RFA Nos. 11, 12, 13, 14, 15, and 16 each request an admission regarding legal interpretations of Defendant's and other insurance companies' policies. *Response* [#42], Ex. B at 2, 5-6. For example, these RFAs seek admissions that Defendant and all other insurance companies should narrowly construct policy provisions against the insurer (RFA No. 11), interpret insurance policies broadly (RFA No. 12), give all language in the policy its plain meaning (RFA No. 13), interpret ambiguous provisions

against the insurer (RFA No. 14), resolve ambiguity in favor of coverage (RFA No. 15), and only enforce plain and conspicuous provisions (RFA No. 16).  The interpretation and construction of an insurance contract, including the determination of whether policy language is ambiguous, are questions of law.  *Dalpaos-Lawrence v. Gideone Am. Ins. Co.*, 243 Fed. Appx. 358, 362 (10th Cir. June 15, 2007) (unpublished decision).  The Court finds that RFA Nos. 11, 12, 13, 14, 15, and 16 request that Defendant admit pure legal conclusions because the questions are not contextualized by the particular facts of this action.  Accordingly, the Court finds that Defendant's objections to RFA Nos. 11, 12, 13, 14, 15, and 16 are justified.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's First Motion to Compel Requests for Admission** [Docket No. 34; filed March 31, 2008] is **DENIED.**

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  May 29, 2008