IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY
DOING BUSINESS AS ONE OF THE TRAVELERS PROPERTY
AND CASUALTY COMPANIES; AND
THE TRAVELERS PROPERTY AND CASUALTY COMPANY
OF AMERICA,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Jerry Cunningham, and Defendants The Standard Fire Insurance Company, improperly sued and served as "The Standard Fire Insurance Company Doing Business As One Of The Travelers Property And Casualty Companies" ("Standard Fire"), and Travelers Property Casualty Company of America, improperly sued and served as "The Travelers Property and Casualty Company of America, ("Travelers"), by and through their respective attorneys of record in this case, pursuant to Fed.R.Civ.Pro. Rule 26(c)(1), hereby submit the following Stipulated Protective Order for the treatment of Confidential Information as hereinafter defined. Plaintiff and the Defendants request that this Court approve and adopt this Stipulated Protective Order as an Order of this Court. In support hereof, the parties state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom -- not made available to the public -- and designated by one of the Parties in the manner provided in paragraph 3 below as containing:

Information about Standard Fire's and/or Travelers' internal claim handling guildelines, procedures, training materials, manuals, or other similar information or documents.

\* \* \*

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a    By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial

need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel and experts shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. Al counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 90 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

> CONFIDENTIAL
>
> This document is filed ~~under seal~~ *pursuant to a protective order*. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the

4

Protective Order entered in Civil Action No. 07-cv-02538-REB-KLM on _____ date _____.

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed ~~in sealed form~~ as referenced above.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order

13 By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity of admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or alternatively shall destroy all copies of the same. At that time, counsel shall also verify that all third parties to whom such materials or information have been disclosed have done the same

15. Nothing in this protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

WHEREFORE, the following stipulation is hereby Approved and made an Order of this Court.

Dated at Denver, Colorado, this 25th day of June, 2008.

BY THE COURT:

_____
The Hon. Kristen L. Mix.
United States Magistrate Judge

Respectfully Submitted, by and
Approved as to Form

MONTGOMERY, KOLODNY,
AMATUZIO & DUSBABEK, L.L.P.

By: _____
Kevin F. Amatuzio
Paul Flick, Esq.
1775 Sherman Street, 21st Floor
Denver, Colorado 80203
Telephone: (303) 592-6600
kamatuzio@mkadlaw.com
pflick@mkadlaw.com
Attorneys for the Defendants

THE FRANKL LAW FIRM

_____
Keith Frankl, Esq.
2179 S. Ash Street
Denver, Colorado 80222
Telephone: (303) 300-2029
kfrankl@franklandtasker.com
Attorneys for the Plaintiff

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

    Plaintiff(s),

v.

THE STANDARD FIRE INSURANCE COMPANY
DOING BUSINESS AS ONE OF THE TRAVELERS PROPERTY
AND CASUALTY COMPANIES; AND
THE TRAVELERS PROPERTY AND CASUALTY COMPANY
OF AMERICA,

    Defendant(s).

---

## EXHIBIT A, AFFIDAVIT RE: STIPULATED PROTECTIVE ORDER

---

I, _____(name), state that I have received and am aware of the terms of the Stipulated Protective Order in this case entered _____, and that I receive any confidential information subject to the terms thereof. I agree to abide by and be bound by the terms of said Order to the same extent as if I were a party to this case, and to submit to the jurisdiction of the Court in this case for purposes of enforcement of said Order.

    ss:                      [print name]: _____

    SUBSCRIBED AND SWORN TO before me, by _____,
this _____ day of _____, 200___

My commission expires:

_____            _____
                                    Notary Public
                                    Address: