IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a One Travelers Property and Casualty Companies, and
THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,

    Defendants.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Compel Request [sic] for Production of Documents** [Docket No. 43; Filed April 23, 2008] (the "Motion to Compel"). The Court has reviewed the Motion, Defendants' Response [Docket No. 52; Filed May 15, 2008], Plaintiff's Reply [Docket No. 57; Filed May 22, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

**I.    Background**

This case arises out of a homeowner's insurance claim submitted by Plaintiff to Defendant, Standard Fire Insurance Company. Plaintiff requests that Defendants be

1

compelled to respond to Plaintiff's Request for Production of Documents, stating that "Defendants have refused to provide adequate responses to Plaintiff's Request for Production of Documents and has [sic] improperly asserted privilege." *Motion* [#43] at 1.

**II.     Analysis**

Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g., Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D.Kan. 2001). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. University of Colorado*, 220 F.R.D. 354, 350 (D.Colo. 2004) (citations omitted). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.* (citation omitted). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Paradigm Alliance, Inc. v. Celeritas Technologies, LLC,* 2008 WL 678700, *2 (D.Kan. 2008). Defendants argue that twenty nine of Plaintiff's Requests for Production of Documents ("RPD"s) are in some way either irrelevant or improper. The Court will address each RPD in turn.

### 1. RPD A-1

"All documents relating in any way to the claim(s) of Plaintiff, which would include but not be limited to any litigation files, CB files, special services files, reserve files, or any other collections of documents in addition to the claims file itself." *Motion* [#43] at 7.

Defendants argue that the "disclosure of reserves is not relevant and not discoverable." *Response* [#52] at 8. However, during a telephonic discovery conference held before this Court on June 25, 2008, the Court found that reserve information was discoverable and directed Defendants' Claims Unit Manager, Alice Barron, to answer all questions related to reserve information [Docket No. 67; Filed June 25, 2008]. As the Court has already ruled on the issue of the relevancy and discoverability of this topic, the Motion to Compel is **granted** with respect to RPD A-1.

### 2. RPD A-2

"The entire claim file, including electronic data and activity logs, relating to Plaintiff, as well as a copy of the file jackets or folders containing the files. This shall include, but not be limited to, any and all telephone slips, post-its, handwritten notes, or other removable materials." *Motion* [#43] at 13.

Defendants state that they have fully complied with this request, producing an entire claim file of "nearly 500 pages," with the exception of the materials listed in the privilege log. *Response* [#52] at 8. Plaintiff does not appear to argue that Defendants have omitted anything in replying to this RPD, but argues only that Defendants did not specifically reference, by bates number, which materials are included in the claim file. *Motion* [#43] at 14. Fed. R. Civ. P. 34(b)(1)(E)(I) requires Defendant to "produce documents as they are kept in the usual course of business or [to] organize and label them to correspond to the categories in the request." I take Plaintiff's argument to mean that the claim file was not

3

organized and labeled as such. Pursuant to Rule 34, Defendants' choice is to *either* do so

*or* to produce the documents as they are kept in the ordinary course of business. Assuming

that Defendants elected to do the latter, the Court does not believe that Defendants

maintain their claims files in such a manner that they cannot be readily identified as such.

Thus, to the extent that RPD A-2 requests that Defendants properly identify the claim file,

the Motion to Compel is **granted.**

    3.    **RPD B-1**

"The organization [organizational chart] of Travelers' Claims Department from the one handling Plaintiff's claims and all departments which oversee or supervise that department's activities in regard to claims handling." *Motion* [#43] at 14.

Defendants argue that RPD B-1 is not relevant, as "[t]he organization of the claim

department and other departments that oversee the same, if any, have no bearing on the

elements of [Plaintiff's claim]."[1] *Response* [#52] at 10. Defendants also argue that RPD

B-1 is overly broad, as it seeks names of persons who have no knowledge of Plaintiff's

claim. *Id.* Plaintiff argues that "[t]he organization of the claim department and departments

overseeing the same allow Plaintiff to frame questions in deposition and discovery requests

in a manner that is likely to lead to the discovery of admissible evidence." *Reply* [#57] at

4. Considering that the scope of discovery must be broad, *Hickman v. Taylor*, 329 U.S.

---

    [1]Defendants state that the elements of Plaintiff's contractual claim are "a breach of contract; the insurer acted unreasonably; and the insurer acted with knowledge of or disregard of the fact that no reasonable basis existed for denying the claim(s)." *Response* [#52] at 10 (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1273 (Colo. 1985)). Defendants state that the elements of Plaintiff's bad faith claim are that "the insurer acted unreasonably and with knowledge of or reckless disregard for the fact that no reasonable basis existed for denying the claim." *Id.* at 17.

4

495, 507-508 (1947), the Court finds that the organization of Defendants' claims department may have potential relevance to Plaintiff's legal claims such that discovery on this topic should be allowed. Accordingly, the Motion to Compel is **granted** with respect to RPD B-1.

### 4. RPD B-2

"Produce the job descriptions for all adjusters who communicated with Plaintiff, handled Plaintiff's claim, and those who participated in making any decisions regarding Plaintiff's claims for all the positions they have held with Travelers." *Motion* [#43] at 14.

Defendants argue that "[j]ob descriptions are not relevant to [Plaintiff's] bad faith or breach of contract claims." *Response* [#52] at 10. Plaintiff responds that job descriptions "are relevant to show job duties." *Reply* [#57] at 5. Of course, but the issue is whether these individuals' job duties are relevant to Plaintiff's legal claims. Considering that the scope of discovery must be broad, *Hickman*, 329 U.S. at 507-508, the Court finds that the job descriptions of Defendant's employees who participated in making decisions about Plaintiff's insurance claims may have potential relevance to Plaintiff's legal claims, but *only* as to the positions held by those individuals at the time of their decision-making regarding Plaintiff. Accordingly, the Motion to Compel is **granted** with respect to RPD B-2, with the limitation previously noted.

### 5. RPD B-3

"Any documents showing the names and last known addresses of personnel who have been employed by Defendants in the past five years in the role of either handling or supervising or managing homeowner's claims in Colorado, along with documents showing which of those individuals are still employed by Defendants." *Motion* [#43] at 15.

Defendants argue that RPD B-3 is not relevant, overbroad, and invades the privacy

5

of these individuals.  *Response* [#52] at 11.  Plaintiff argues that "these employees have substantial potential to give unbiased information concerning actual claims handling practices, rules and procedures, as well as information on employee incentive and compensation programs."  *Reply* [#57] at 5.  Considering the elements of Plaintiff's claims, and also the privacy interests of these former employees, the Court agrees that Plaintiff has not sufficiently established the relevance of this information to his claims.  Accordingly, the Motion to Compel is **denied** with respect to RPD B-3.

6. **RPD B-5**

"Produce all annual reports issued by any defendant from 2002 to present."  *Motion* [#43] at 16.

Defendants argue that RPD B-5 is ambiguous, as Plaintiff has failed to define what information is sought through the term "annual reports" and this term could mean "numerous types of reports that are not relevant to this lawsuit or Plaintiff's claims . . . ."  *Response* [#52] at 12.  Plaintiff's Reply fails to clarify this ambiguity, merely stating that "Annual Reports demonstrate the relative financial strength of the parties."  *Reply* [#57] at 5.  As such, the Court construes this as a request for annual reports related to the financial status of Defendants, which Defendants argue are "presumptively inadmissible and not discoverable."  *Response* [#52] at 12.  The Court agrees that allowing discovery into the financial status of Defendants is not relevant nor likely to lead to the discovery of admissible evidence.  Accordingly, the Motion to Compel is **denied** with respect to RPD B-5.

7. **RPD C-1**

"Travelers' personnel policies and procedures from 2002 to present."  *Motion* [#43]

at 17.

Defendants argue that as Plaintiff did not specify which type of personnel policies and procedures were sought, this request is overly broad, as these procedures "could range from sexual harassment policies, sick leave, vacation, absentee policies, Family Medical Leave Act policies, overtime, recycling, part-time versus full-time employees, etc." *Response* [#52] at 13. Plaintiff states that "the terms 'personnel policies and procedures' are common to all major corporations. Corporations need to govern the conduct of their employees . . . . To do this, they employ compensation programs." *Motion* [#43-2] at 2. Accordingly, the Court construes this RPD as requesting all personnel policies and procedures from 2002 to present which relate to employee compensation programs. Accordingly, the Court will discuss RPD C-1 below, in its general discussion of all other requests that deal with employee compensation and bonus programs.

### 8. RPD C-2

"Travelers' employees compensation programs for persons who handled Plaintiff's claims, their supervisors and managers from 2002 to present." *Motion* [#43] at 17.

### 9. RPD C-3

"Travelers' employee bonus programs for persons who handled Plaintiff's claims, their supervisors and managers from 2002 to present." *Id.* at 18.

### 10. RPD C-7

"Produce all documents which relate to factors to consider regarding compensation paid to claims personnel involved with handling of homeowners claims same [sic] as plaintiff in Co [sic] in 2002 to the present." *Motion* [#43-2] at 4.

### 11. RPD D-2

"Produce all documents which relate to any bonuses paid to claims personnel involved with handling of homeowners claims in Colorado in 2002 to the present. Please redact the last names of the employees, the DOB, SS#, address." *Motion* [#43-2] at 8.

**12.    RPD D-3**

"Produce all documents which relate to any employee bonus programs in effect in Colorado for persons involved with homeowners' claims from 2002 to present." *Motion* [#43-2] at 9.

**13.    RPD D-4**

"Produce all documents which relate to compensation to be paid to employees who handled Plaintiff's homeowner's claims and their supervisors from 2002 to present, redact personal information." *Motion* [#43-2] at 9.

As RPD's C-1, C-2, C-3, C-7, D-2, D-3 and D-4 all relate to employee compensation and bonus programs, the Court will analyze them together. Defendants argue that these RPDs seek confidential and proprietary financial information and financial programs, and further, that this information is not relevant to Plaintiff's claims. *Response* [#52] at 14. Defendants have stated that during the deposition of Susan Yeckley, the apparent adjuster of Plaintiff's claim, Ms. Yeckley testified that she was not aware of any compensation or bonus programs and that she was compensated by her salary alone. *Response* [#52] at 15. As such, Defendants argue that any existing compensation programs would not be applicable to the facts of this case, as no such programs would have had any effect on Ms. Yeckley's adjustment of Plaintiff's claim. *Id.* The Court agrees. Plaintiff has not established the relevance of this information. The Motion to Compel is **denied** with respect to RPD's C-1, C-2, C-3, C-7, D-2, D-3 and D-4.

8

**14. RPD C-4**

"Claims manuals, guidelines and procedures used in Travelers claims operations in Colorado for homeowners' claims from 2002 to present." *Motion* [#43-2] at 2.

Defendants argue that this request is irrelevant, overly broad and that these documents are proprietary and confidential. *Response* [#52] at 19. However, the Court has previously addressed Defendants' arguments regarding these types of documents. Indeed, in this Court's Order on Defendant's Motion for Protective Order [Docket No. 69; Filed July 1, 2008], after an extensive discussion and review of law related to the discoverability and relevance of this "claims manuals and procedures guides," I found that "Defendants [were] required to provide a general description of all claims manuals and training and instructional documents pertaining to the claims review and determination process that were available to Defendants' personnel who were personally involved in the substantive decisions regarding Plaintiff's claim." *Order* [#69] at 15. Based on the reasoning and law set forth in my previous Order [#69], I again find that this information is relevant and should be produced. Accordingly, the Motion to Compel is **granted** with respect to RPD C-4.

**15. RPD C-5**

"Newsletters and publications circulated to all employees in Colorado who handled homeowners' claims at Travelers from 2003 to present." *Motion* [#43-2] at 3.

Defendants argue that this request is both irrelevant and overly broad, as it does not define which types of newsletters and publications are sought and as Plaintiff's claim arose in 2005. *Response* [#52] at 19. Without attempting to narrow this request, Plaintiff argues

that these documents are relevant, as "such documents in connection with another insurer led to a series of inspirational messages from a CEO who encouraged claims personnel to reduce claims payout in order to help make the company more profitable." *Reply* [#57] at 7. The Court agrees that this request is both extremely broad and does not appear to be relevant to Plaintiff's claims. Accordingly, the Motion to Compel is **denied** with respect to RPD C-5.

**16.    RPD C-6**

"Copies of any and all administrative guidelines, procedures, reference materials, legal opinions, or other documents that are now used, or have been ever used since January 1, 2002, to assist Traveler's employees in determining homeowners coverage for claims of plaintiff. This request includes 'Best Practice' guides, operation manuals, claim manuals, supervision manuals, workshop materials, claims bulletins or memos, executive memos or bulletins, management directives in any form, management information system manuals and indexes, medical management manuals, medical director manuals, human resources and personnel manuals or data processing system manuals." *Motion* [#43-2] at 4.

Plaintiff states that this request "may show whether Defendants met their own standards." *Id.* at 4. Defendants argue that this request is overly broad, as it seeks information from 2002 to present. *Response* [#52] at 20. Moreover, Defendants argue that to the extent this request seeks "legal opinions," such opinions would be protected by the attorney-client and work-product privileges, and that information such as medical director manuals, human resources manuals, etc., are not relevant to the elements of Plaintiff's claims. To the extent that Plaintiff seeks claims manuals and training and instructional documents pertaining to the claims review and determination process, this request was granted in the Court's ruling on RPD C-4. Any other information sought in this request is

10

not relevant to Plaintiff's claims.  Accordingly, the Motion to Compel is **denied** with respect to RPD C-6.

**17.    RPD C-8**

"All manuals used in the training and use of the IMPACT system."  *Motion* [#43-2] at 5.

Plaintiff states that the IMPACT system "should have been used in connection with Plaintiff's claims.  The manual contains information on whether the system was used properly."  *Id.* at 5.  Defendants argue that this information is not relevant to Plaintiff's claims, as "there are no allegations in Plaintiff's Complaint and Jury Demand alleging any IMPACT system was used in Plaintiff's claim."  *Response* [#52] at 21.  The Court agrees that this information is not relevant to Plaintiff's claims and is unduly burdensome to Defendants.  Accordingly, the Motion to Compel is **denied** with respect to RPD C-8.

**18.    RPD C-9**

"Produce all human resource materials in use in Colorado from 2002 to present."  *Motion* [#43-2] at 5.

Defendants argue that this request is not relevant, and overly broad as "human resource" manuals could include any number of different manuals.  *Response* [#52] at 21.  Plaintiff replies that "[h]uman resource manuals pertaining to things other than compensation and incentive programs are not relevant."  *Reply* [#57] at 8.  Plaintiff appears to narrow the scope of RPD C-9 to human resource materials which pertain solely to employee compensation and incentive programs.  However, this Court has previously found that any existing compensation programs have no relevance to Plaintiff's claims,

11

*supra* at p. 8.  Accordingly, the Motion to Compel is **denied** with respect to RPD C-9.

**19.    RPD C-10**

"Produce all documents which provide guidance on how or when to [sic] the use of diaries on claims files."  *Motion* [#43-2] at 6.

Defendants argue that this request is not relevant, as the claims notes have already been produced and "nothing more is needed to demonstrate why the claim was handled the way it was."  *Response* [#52] at 22.  Plaintiff argues that "Defendants' documentation concerning diaries would show how employees should have acted with regard to follow-up on Plaintiff's claims."  *Reply* [#57] at 8.   Considering that the scope of discovery must be broad, *Hickman*, 329 U.S. 495, the Court finds that these documents may have potential relevance to Plaintiff's claims such that discovery on this topic should be allowed. Accordingly, the Motion to Compel is **granted** with respect to RPD C-10.

**20.    RPD C-11**

"All documents relating to efforts to increase Defendants' claim department productivity or profitability regarding homeowners' claims in Colorado in the past 10 years." *Motion* [#43-2] at 7.

Defendants argue that this request seeks confidential and proprietary information, that it is irrelevant, and that the ten-year time period is overly broad.  *Response* [#52] at 18. Plaintiff argues that RPD C-11 is relevant to show "that [Defendants] carefully tracks what claims payouts occur and evaluates personnel in part based upon claims payout.  At the same time it appears that [Defendants'] efforts in this area are designed and have the effect to encourage lower claims payout generally."  *Motion* [#43-2] at 8.  The Court agrees that this information is not relevant to Plaintiff's claims.  Accordingly, the Motion to Compel is

12

**denied** with respect to RPD C-11.

### 21. RPD C-12

"Produce all documents which relate to 'File Management Reviews' regarding departments and offices in Colorado which handle homeowners' claims without producing such reviews of individuals." *Motion* [#43-2] at 7.

Defendants argue that this request is overly broad and unclear, as Plaintiff does not provide a time limitation for this request and has not provided an adequate definition of what he seeks by way of "file management reviews." *Response* [#52] at 22. Plaintiff states that file management reviews demonstrate "management review of files and the adjusters' claims handling. It is evidence of what type of conduct is approved of and what is not approved of in connection with claims handling of homeowners' claims." *Reply* [#57] at 9. Plaintiff further agrees to limit this request to first-party homeowners' claims from 2004 to the present. *Id.* The Court agrees that this request is unclear, overly broad and not likely to produce information that is relevant to Plaintiff's claims. Accordingly, the Motion to Compel is **denied** with respect to RPD C-12.

### 22.     RPD D-1

"Produce all performance evaluation forms for all adjusters who communicated with Plaintiff, handled Plaintiff's claim, and those who participated in making any decisions regarding Plaintiff's claims." *Motion* [#43-2] at 8.

Defendants argue that this information is not relevant, and not discoverable as it invades the privacy of these employees. *Response* [#52] at 23. Plaintiff argues that this information "shows what conduct was encouraged by the employer and how the messages on claims handling are imparted to the adjusting personnel." *Reply* [#57] at 9. The Court

13

has previously addressed Defendants' arguments regarding these types of documents. Indeed, after a discussion of the law related to the discoverability and relevance of this performance evaluations in this Court's Order on Defendant's Motion for Protective Order [Docket No. 69; Filed July 1, 2008], I found that:

> It cannot be denied that personal privacy related to employee evaluations is an important concern. However, there are also countervailing interests that must be considered. That is, the scope of discovery must be broad in order to provide both sides with all the information necessary for proper and full litigation of all the relevant issues, as well as to eliminate surprise and to facilitate settlement. *See Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). The Court also notes that a protective order has been entered in this case which limits the dissemination of confidential information to the appropriate persons [Docket No. 66; Filed June 25, 2008]. The Court finds that information from the performance evaluations which relates to claims handling conduct is relevant pursuant to the Federal Rules of Civil Procedure. *See Bishelli v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 280850, *4 (D.Colo. 2008). However, to the extent that the performance evaluations address other subjects, they are not relevant. Therefore, Defendants need only provide information relating to claims handling conduct in addressing the Defendants' evaluations of Ms. Barron, Ms. Yeckley and Mr. Friedmann.

*Order* [#69] at 8-9.

In accordance with the Court's previous Order, the Court finds that this request seeks information which is relevant and discoverable. Accordingly, the Motion to Compel is **granted** with respect to RPD D-1, on the same terms as set forth in this Court's Order dated July 1, 2008 [#69].

**23.    RPD D-5**

"Produce all market conduct examinations of any defendant from 2002 to present."
*Motion* [#43-2] at 11.

**24.    RPD D-6**
"Produce all documents which relate to any responses by any defendant to all

market conduct examinations of defendants in Colorado from 2002 to present." *Motion* [#43-2] at 11.

As RPD's D-5 and D-6 both relate to market conduct examinations, the Court will analyze them simultaneously. Plaintiff argues that market conduct examinations "reflect any system wide problems with claims handling. . . . If the market conduct examinations reflect unwarranted delay and denial of claims this would be very relevant." *Id.* at 12. Plaintiff further argues that "[a]n insurer's knowledge of its own misconduct is relevant to the issue of whether it knowingly continued to act unreasonably." *Reply* [#57] at 12. Defendants argue that this request is irrelevant and overly broad. *Response* [# 52] at 24. The Court finds that this information has potential relevance to Plaintiff's claims such that its disclosure should be allowed. However, the Court agrees that the scope of these RPDs is overly broad. Accordingly, the Motion to Compel is **granted** with respect to RPD D-5 and D-6, but the scope of RPD D-5 and D-6 are limited to documents dated on or after **February 1, 2005**.

### 25. RPD D-7

"All documents relating to efforts to increase Defendants' claim department productivity or profitability in Colorado in the past 10 years." *Motion* [#43-2] at 11.

Defendants contend that the "productivity and profitability of the claim department, if any, is not relevant to Plaintiff's claims." *Response* [#52] at 18. Plaintiff argues that this information is relevant to "whether there is any attempt to encourage delay and denial of claims through employee incentive and compensation programs." *Reply* [#57] at 13. However, the Court has already found that the existence of employee incentive and

15

compensation programs is not relevant to either of Plaintiff's claims. Accordingly, the Motion to Compel is **denied** with respect to RPD D-7.

### 26. RPD D-8

"All documents relating to efforts to reduce loss ratios or claim severity costs on homeowners' coverage in Colorado in the past 10 years." *Motion* [#43-2] at 12.

Defendants argue that this RPD seeks documents that are not relevant to Plaintiff's claims, as well as confidential and proprietary. *Response* [# 52] at 14. Neither Plaintiff's Motion nor Plaintiff's Reply makes any specific arguments regarding this RPD such that the Court can determine its potential relevance to Plaintiff's claims. Accordingly, the Motion to Compel is **denied** with respect to RPD D-8.

### 27. RPD D-9

"Produce all other claim files which were created between 2004 and the present in response to claims by homeowners of the Property [sic] in Colorado. Limit your response to the last ten claims in co [sic] where money was paid for damage from a burst pipe. Redact all policy holder personal information." *Motion* [#43-2] at 12.

Defendants argue that other claim files "not relevant to whether Plaintiff can prove a breach of contract or bad faith with respect to *his* claim." *Response* [#52] at 25. The Court agrees. The Court does not find that Defendants' conduct with regard to other claims is relevant or that it will lead to the discovery of admissible evidence. *See Bituminous Cas. Corp. v. Monument Well Corp.*, 2007 WL 2712347, *1 (D.Colo. 2007) (unpublished decision) (finding conduct related to other claims by other insureds not relevant to the case at hand). Accordingly, the Motion to Compel is **denied** with respect to RPD D-9.

### 28. RPD D-10

"Produce all documents which relate to your reliance on counsel defense, including but not limited to all correspondence or memorandum to and from Your [sic] counsel upon which you rely for your defense in this case." *Motion* [#43-2] at 13.

Defendants argue that this request seeks documents that are protected by the attorney-client privilege. *Response* [#52] at 25. Plaintiff contends that if Defendants "relied upon advice of counsel in connection with its actions in connection with the handling of this claim then Plaintiff is entitled to discovery on this subject." *Reply* [#57] at 13. The Court finds that if Defendants actually asserted the defense of advice of counsel, the attorney-client privilege would be waived and Plaintiff would be entitled to take discovery on this request. *See, e.g., Sedillos v. Bd. of Ed. Of School Dist. No. 1*, 313 F.Supp.2d 1091, 1093 (D.Colo. 2004). However, Defendants' Answers assert no such defense, and Defendants explicitly state that they have not asserted "advice of counsel" as a defense to this case. *Response* [#52] at 25. Accordingly, the Motion to Compel is **denied** with respect to RPD D-10, as it clearly seeks information protected by the attorney-client privilege.

### 29.  RPD D-11

"Produce all computer claim file entries in the IMPACT system for the period of March 27, 2003 to September 24, 2003." *Motion* [#42] at Ex. 3, p. 15.

Plaintiff states without further explanation that "[t]his six-month window is important to Plaintiff's case." *Id.* at 14. Considering the lack of justification provided by Plaintiff for this request, and the fact that the incident that gave rise to Plaintiff's claims occurred in February 2005, the Court finds that this request is not relevant to Plaintiff's claims. The Motion to Compel is **denied** with respect to RPD D-11.

### III.  Conclusion

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion to Compel Request for Production of Documents** [Docket No. 43; Filed April 23, 2008] is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: July 24, 2008