IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-02538-REB-KLM

GERALD GUNNINGHAM,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a One of the Travelers Property and Casualty Companies, and
THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **The Standard Fire Insurance Company's and Travelers Property Casualty Company of America's Joint Motion To Dismiss Plaintiff's Third and Fourth Claims for Relief** [#9], filed December 12, 2007. The plaintiff filed a response and the defendants filed a reply. I grant the motion.

### I. STANDARD OF REVIEW

When ruling on a motion to dismiss under Rule 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v.**

***McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, – U.S. –, 127 S.Ct. 1955, 1969, 1974, – L.Ed.2d – (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]

The defendants' motion to dismiss concerns the plaintiff's fraud claim and the plaintiff's negligent misrepresentation claim. These claims are subject to the enhanced pleading requirements of FED. R. CIV. P. 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." FED. R. CIV. P. 9(b). The Tenth Circuit has held that "Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind." ***Schwartz v. Celestial Seasonings, Inc.***, 124 F.3d 1246, 1252 (10th Cir. 1997) (citing ***Seattle-First Nat. Bank v. Carlstedt***, 800 F.2d 1008, 1011 (10th Cir. 1986)). However, the complaint must set forth the time, place, and content of the false representations, the

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" standard of ***Conley v. Gibson***, 355 U.S.41 (1957). The "plausibility" standard and its meaning were clarified recently in ***Robbins v. Oklahoma***, 519 F.3d 1242 (10th Cir. 2008).

2

identity of the party making the false statements, and the consequences of the false statement. *Id*. at 1252 (citing **Lawrence Nat'l Bank v. Edmonds (In re Edmonds)**, 924 F.2d 176, 180 (10th Cir.1991)). Stated differently, a fraud claim must include particularity about the details; "the who, what, when, where, and how: the first paragraph of any newspaper story." **DiLeo v. Ernst & Young**, 901 F.2d 624, 627 (7th Cir.1990).

The defendants argue that Rule 9(b)'s particularity requirement is applicable to the plaintiff's negligent misrepresentation claim, citing **Western Gas Processors, Ltd. v. Enron Gas Processing Co.**, 1988 WL 73307, *6 (D. Colo. 1988 (Arraj, J.). The plaintiff does not dispute this point. I note, however, that I do not know of any binding authority from either the Colorado appellate courts or from the United States Court of Appeals for the Tenth Circuit that holds that Rule 9(b)'s particularity requirement is applicable to a negligent misrepresentation claim. I conclude that the particularity requirement is applicable to the negligent misrepresentation claim. In this context, negligence is a type of mistake and Rule 9(b) concerns allegations of fraud or mistake.

## II. ANALYSIS

In his complaint [#1-2], the plaintiff alleges that he purchased a homeowners insurance policy from the defendant insurance companies. The plaintiff says he presented to the defendants claims under the policy. The plaintiff claims the defendants failed to handle his claims reasonably and promptly. In support of his fraud and negligent misrepresentation claims, the plaintiff alleges that the defendants concealed and failed to disclose certain facts relevant to the plaintiff's claims for loss of rental income and loss of property. The plaintiff asserts that the defendants represented that they were investigating and soon would be paying the plaintiff's claims for loss of rental income, for repair of the dwelling, and for lost property. *Complaint*, ¶ 14. These

3

representations allegedly were made "during the years 2005 through May of 2007 . . . ." *Id.*, ¶ 14. The plaintiff asserts further that the defendants actually were not investigating his claims and that the defendants never paid the claims.

The defendants argue that the plaintiff's fraud and negligent misrepresentation allegations are not sufficiently detailed to satisfy the pleading standard of Rule 9(b). I agree. The plaintiff alleges that the defendants said they were investigating the claims and soon would pay the claims, but the plaintiff says nothing about how this information was communicated to the plaintiff, where the plaintiff was located when such communications were received, or the identity of any representative of the defendants who communicated this information on behalf of the defendants. Further, the time window in which these representations allegedly were made covers about 30 months. In short, the plaintiff does not specify any detail about any particular statements made by the defendants in support of the plaintiff's fraud and negligent misrepresentation claims. Under Rule 9(b), such general pleading is not sufficient. However, under Fed. R.Civ.P. 15(a), the plaintiff should be granted leave to amend his complaint to plead these claims with sufficient specificity.

The defendants argue also that the plaintiff's fraud and negligent misrepresentation claims are based on a claim that the defendants failed to advise the plaintiff of the applicable statute of limitations. The defendants argue that they had no duty to advise the plaintiff about the applicable statute of limitations and that, absent such a duty, the plaintiff cannot bring a claim based on a failure to advise the plaintiff about the applicable statute of limitations. I disagree with the defendants' contention. The plaintiff does not allege that the defendants failed to advise him of the applicable statute of limitations. Rather, the plaintiff alleges that the defendants represented that

4

they were investigating the plaintiff's claims and soon would pay the plaintiff's claims when, in reality, the defendants were not investigating and were not planning to pay the plaintiff's claims. As pled, the plaintiff's claims do not directly rely on a purported duty of the defendants to inform the plaintiff about the statute of limitations.

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **The Standard Fire Insurance Company's and Travelers Property Casualty Company of America's Joint Motion To Dismsis Plaintiff's Third and Fourth Claims for Relief** [#9], filed December 12, 2007, is **GRANTED** in part;

2. That the plaintiff's claims for negligent misrepresentation claim (third claim for relief) and deceit based on fraud (fourth claim for relief) are **DISMISSED** without prejudice because the allegations in the Complaint [#1-2] do not satisfy the pleading requirements of Fed. R.Civ.P. 9(b);

3. That on or before **October 3, 2008**, the plaintiff **MAY FILE** an amended complaint in which he may supplement the allegations in support of his third and fourth claims for relief in an effort to plead these claims with specificity required by Fed. R.Civ.P. 9(b);

4. That otherwise **The Standard Fire Insurance Company's and Travelers Property Casualty Company of America's Joint Motion To Dismsis Plaintiff's Third and Fourth Claims for Relief** [#9], filed December 12, 2007, is **DENIED**.

Dated September 19, 2008, at Denver, Colorado.

                                                  **BY THE COURT:**

                                                  **s/ Robert E. Blackburn**
                                                  **Robert E. Blackburn**
                                                  **United States District Judge**