IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a One Travelers Property and Casualty Companies, and
THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,

    Defendants.
_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint to Add Claim for Exemplary Damages** [Docket No. 71; Filed August 11, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 78; Filed August 28, 2008], Plaintiff's Reply [Docket No. 79; Filed September 9, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

**I.    Background**

This case arises out of a homeowner's insurance claim submitted by Plaintiff to Defendant, Standard Fire Insurance Company. Plaintiff requests leave to amend his Complaint to include a claim for punitive damages against Defendants. *Motion* [#71] at 1.

1

Plaintiff's Complaint was originally filed in Colorado state court, and pursuant to Colo. Rev. Stat. § 13-21-102, the inclusion of a claim for punitive damages is prohibited in the initial pleading, and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of exemplary damages. *Motion* [#71] at 1. Defendants argue that the Motion should be denied, as "Plaintiff has failed to provide any facts to demonstrate any purposeful act by any Standard Fire employee during the course of adjusting Plaintiff's insurance claim to warrant a claim for exemplary/punitive damages." *Response* [#78] at 2.

## II. Discussion

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Colo. Rev. Stat. § 13-21-102(1.5)(a) provides, in relevant part:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after . . . the plaintiff establishes prima facie proof of a triable

2

issue.

Colo. Rev. Stat. § 13-21-102(1.5)(a) contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). *Prima facie* proof of a triable issue of exemplary damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.; see also* Colo. Rev. Stat. § 13-25-127(2) ("[e]xemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102."). Pursuant to Colo. Rev. Stat. § 13-21-102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. Plaintiff appears to allege that Defendants committed willful and wanton conduct, as Plaintiff argues that Defendant Standard Fire Insurance Company "has always failed to promptly handle the claim in accordance with its standards and industry standards. It has not been prompt, it has not investigated, and it has not paid or denied claims even to this date. Such conduct constitutes a willful disregard of [Plaintiff's] rights even post-litigation." *Motion* [#71] at 1. Plaintiff does not appear to allege that exemplary damages are appropriate due to circumstances of fraud or malice. *See* Colo. Rev. Stat. § 13-21-102(1)(a).

The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without

3

regard to consequences, or of the rights and safety of others. Colo. Rev. Stat. § 13-21-102(1)(b). The Colorado Supreme Court has noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Moreover, at this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiff, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of amending his Complaint to seek exemplary damages, and not whether such evidence is sufficient to defeat summary judgment. *See Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007) (unpublished decision).

Accordingly, the Court must consider whether Plaintiff has alleged that "defendant is conscious of [its] conduct and the existing conditions and knew or should have known that injury would result," in order to determine whether Plaintiff may be allowed to include a claim for punitive damages. *Coors*, 112 P.3d at 66. Plaintiff argues that "Defendants' conduct was willful and wanton because they knew their own standards and the purpose for those standards, and they did not follow them. The standards encouraged reasonable claims handling. Defendants purposefully ignored the standards to the detriment of Plaintiff. . . . Defendants knew they had a duty to act. . . . Instead, they did nothing. This was not a mistake, but rather appears to be an intentional, purposeful failure to drag out Plaintiff's claims." *Reply* [#79] at 4. Plaintiff has provided the deposition testimony of claims handlers Alice Barron and Susan M. Yeckley in support of his allegations. *Motion*

4

[#71] at Ex. 1, Ex. 2.

Considering that this evidence must be viewed in the light most favorable to Plaintiff, and that leave to amend should be freely granted, the Court finds that it is sufficient to make out a *prima facie* case for willful and wanton behavior for the purposes of amending his claims to seek exemplary damages. Plaintiff has alleged that Defendants acted purposefully and willfully in failing to handle his claims. The Court finds that Defendants' alleged failure to engage in any investigation and/or action on Plaintiff's claims may demonstrate a *prima facie* case of heedless or reckless disregard for the consequences or rights of the insured. *See Coors*, 112 P.3d at 66. The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages may be properly included in the pleadings at this point. Because Plaintiff will be filing an Amended Complaint, the Court directs Plaintiff to include in his Amended Complaint substantive allegations of conduct supporting a *prima facie* claim for exemplary damages.

Accordingly, as set forth above, it is HEREBY **ORDERED** that Plaintiff's **Motion to Amend Complaint to Add Claim for Exemplary Damages** is **GRANTED**. Plaintiff is directed to file an Amended Complaint consistent with this Order on or before **October 3, 2008**. Defendants are directed to file their Answers or other responses on or before **October 14, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 23, 2008