IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02538-REB-KLM

JERRY CUNNINGHAM,

　　Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a One Travelers Property and Casualty Companies, and
THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,

　　Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Plaintiff's Second Motion to Amend Complaint (To Add Statutory Claim for Double Damages and Attorneys' Fees)** [Docket No. 84; Filed September 23, 2008] (the "Motion"). The Court has reviewed the Motion, Defendants' Response [Docket No. 94; Filed October 9, 2008], Plaintiff's Reply [Docket No. 104; Filed October 15, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

**I.　　Background**

　　This case arises out of a homeowner's insurance claim submitted by Plaintiff to Defendant, Standard Fire Insurance Company. Plaintiff requests leave to amend his

1

Amended Complaint [Docket No. 89] to add a claim for double damages and attorneys' fees pursuant to Colo. Rev. Stat. § 10-3-1115 &1116. *Motion to Amend* [#84] at 1. As grounds, Plaintiff states that these statutes, effective as of August of 2008, "prohibit unreasonable delay, as well as denial of benefits. These statutes cover any first person such as Plaintiff, who is a first-party claimant, if the insurer has delayed or denied payment." *Id.* at 2. Plaintiff argues that because his claims were submitted in 2007 and have allegedly not yet been paid, the statute is applicable to his claims. *Motion to Amend* [#84] at 2.

## II. Discussion

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants first argue that Plaintiff's Motion should be denied on the grounds that the Motion is untimely. *Response* [#94] at 3. However, Plaintiff filed a Motion to Amend the Scheduling Order, requesting that the deadline to amend be extended to September 23, 2008, on the date when Plaintiff filed his Second Amended Complaint [Docket No. 96].

The Court granted this Motion by Order dated November 5, 2008 [Docket No. 121]. As such, the Court will not address Defendants' arguments that Plaintiff's Second Amended Complaint was untimely filed.

Second, Defendants argue that the new statute has no proper application to Plaintiff's Claims, as Colorado law provides that statutes may not be applied retroactively. *Response* [#94] at 3-5. For his part, Plaintiff agrees that the statutes do not apply retroactively to his claims, and instead, states that he seeks to apply the statute to the actions taken by Defendants that occurred after the date when the new law became applicable, August 6, 2008. *Reply* [#104] at 2. Plaintiff argues that "[i]f Defendant eventually denies this claim, the denial will have occurred after August 6, 2008. Under those circumstances, the statute will clearly apply." *Id.* It appears that both parties agree that the statute does not apply to conduct allegedly committed by Defendants prior to the statute's effective date. However, the Court finds that the statute may properly apply to acts of unreasonable delay by Defendants that occurred after the effective date of the statute, August 6, 2008. Therefore, considering that leave to amend is to be freely granted, *Castleglenn, Inc.*, 984 F.2d at 1571, the Court finds that justice requires that Plaintiff be allowed to amend his Complaint.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Second Motion to Amend Complaint (To Add Statutory Claim for Double Damages and Attorneys' Fees)** [Docket No. 84; Filed September 23, 2008] is **GRANTED**. Plaintiff's Amended Complaint [#89] is deemed amended to assert a claim for double damages and attorneys' fees pursuant to

Colo. Rev. Stat. § 10-3-1115 &1116 for acts of Defendants that occurred after August 6, 2008.

IT IS FURTHER **ORDERED** that the amendment is deemed denied by Defendant.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: November 10, 2008